1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSE ACOSTA,                          ) Case No.: 1:17-cv-01047-LJO-BAM
                                           )
12              Plaintiffs,                ) **FINDINGS AND RECOMMENDATIONS**
                                           ) **REGARDING PLAINTIFF'S MOTION FOR**
13        v.                               ) **DEFAULT JUDGMENT**
                                           )
14   MARIA DE JESUS AQUAYO; JOSE A.        )
     CHAVIRA,                              ) (Doc. No. 10)
15                                         )
                                           )
16              Defendants.                )
                                           )
17                                         )
                                           )
18   ──────────────────────────────────── )

19        On December 11, 2017, Plaintiff Jose Acosta ("Plaintiff") filed a motion for default judgment

20   against Defendants Maria de Jesus Aquayo and Jose A. Chavira ("Defendants"). No opposition was

21   filed.

22        The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

23   302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule

24   230(g), and vacated the hearing scheduled for January 26, 2018.

25        Having considered the moving papers and the Court's file, the Court RECOMMENDS that

26   Plaintiff's motion for default judgment be GRANTED.

27   ///

28   ///

                                           1

## I.    BACKGROUND

Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs against Defendants pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*) ("ADA") and related California statutes. (Compl. ¶ 2, Doc. No. 1.) Plaintiff alleges that he is substantially limited in his ability to walk, and must use a wheelchair for mobility. (*Id.* at ¶ 8.) On or about May 29, 2017, Plaintiff visited the Thrift Store located in Sanger, California, to shop for blankets. During his visit, Plaintiff encountered a number of barriers. Plaintiff alleges that his wheelchair almost tipped over backwards as he ascended the ramp leading from the sidewalk to the entrance of the Thrift Store because the ramp was so steep. Further, the transaction counter was too high, and Plaintiff had difficulty reaching up to it to pay for his purchase. He also had a hard time maneuvering his wheelchair around the store because the aisles inside the store were too narrow. (*Id.* at ¶¶ 1, 10.) Plaintiff alleges that he will return to the store once the barriers are removed. (*Id.* at ¶ 12.)

Plaintiff filed the underlying action on August 4, 2017. Plaintiff personally served Defendant Aquayo on August 13, 2017. Plaintiff served Defendant Chavira by substituted service on his wife, Defendant Aquayo, at his home on August 13, 2017, and thereafter mailed a copy of the documents to Defendant Chavira's residence on August 14, 2017. (Proofs of Serv., Docs. 5 and 6.) Defendants did not respond to the complaint, and on September 26, 2017, Plaintiff filed a request for entry of default. (Doc. 7.) On September 27, 2017, the Clerk of the Court entered default against Defendants. (Doc. 8.) Thereafter, on December 11, 2017, Plaintiff filed the instant motion for default judgment. (Doc. 10.)

## II.   LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's

substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III.    DISCUSSION

#### A.    Service of Process

Plaintiff is suing two individuals in this action, Maria de Jesus Aquayo and Jose A. Chavira. Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the Unites States. Pursuant to Rule 4(e), an individual may be served by following state law for service in the state where the district court is located or by delivering a copy of the summons and of the complaint to the individual personally. Fed. R. Civ. P. 4(e)(1), (2)(A).

With respect to Defendant Aquayo, the proof of service shows that service was made by delivering a copy of the summons and complaint to her personally. (Doc. No. 5) With respect to Defendant Chavira, the proof of service shows that "substituted service" was made by leaving a copy of the summons, complaint and related materials with Defendant Chavira's wife (Defendant Aquayo) at his home after three separate attempts at personal service, and the documents were thereafter mailed to Defendant Chavira at the same address. (Doc. No. 6.) Under California law, substituted service is allowed at defendant's dwelling house or usual place of abode after diligent attempts at personal service. Cal. Code Civ. P. § 415.20(b). Two or three attempts to personally serve a defendant at a proper place is diligent. *American Express Centurion Bank v. Zara*, 199 Cal.App.4th 383, 389 (2011) ("Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'") (citation omitted).

Based on the proofs of service, the Court finds that Defendants were properly served under Federal Rule of Civil Procedure 4.

#### B.    The *Eitel* Factors Weigh in Favor of Default Judgment

As discussed below, the Court finds that the *Eitel* factors weigh in favor of granting default judgment.

3

### 1. Possibility of Prejudice to Plaintiffs

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See Pepsico, Inc.*, 238 F.Supp.2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.,* 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds Plaintiff would be prejudiced if default judgment is not granted, and this factor weighs in favor of default judgment.

### 2. Merits of the Plaintiffs' Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

#### a. ADA

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on an ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–In Restaurant*, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000) (emphasis in original). A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Here, Plaintiff alleges that he must use a wheelchair for mobility, and he is physically disabled as defined by all applicable California and federal laws. (Compl. ¶ 8, Doc. 1.) Plaintiff also alleges that Defendants own, operate or lease the Thrift Store, which is a public accommodation facility, open to the public, intended for non-residential use, and its operation affects commerce. (*Id.* at ¶¶ 7, 9.)

Plaintiff further alleges that he visited the store on May 29 2017, and encountered architectural barriers that interfered with or denied his ability to use and enjoy the goods, services, privileges and accommodations offered at the store. (*Id.* at ¶ 10.) Plaintiff alleges that these barriers deterred him from visiting the store, and he will return once the barriers are removed. (*Id.* at ¶ 12.) Additionally, Plaintiff alleges that these barriers can be removed without much difficulty or expense, and Defendants have failed to remove the barriers even though it was readily achievable to do so. (*Id.* at ¶ 21.) Alternatively, Plaintiff alleges that Defendants failed to make the required services available through alternative methods, which are readily achievable. (*Id.* at ¶ 22.)

The Court finds that the complaint sufficiently states a cause of action for relief under the ADA.

### b. Unruh Act

Plaintiff also asserts a state law claim for violation of the Unruh Civil Rights Act ("Unruh Act"), California Civil Code section 51 *et seq.* A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorney fees. Cal. Civ. Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of $4,000. *Molski*, 481 F.3d at 731. As Plaintiff adequately states a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.[1]

For the reasons stated, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F Supp.2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

---

[1] Plaintiff's complaint also includes a state law claim for violation of the California Health and Safety Code. (Compl. ¶¶ 42-46, Doc. 1.) However, Plaintiff's motion for default judgment does not seek relief under the provisions of this code. (*See generally* Pl's Memo. of Pts. and Auths. in Support of Mtn. for Def. Judg., Doc. 10-1.) The Court therefore declines to consider whether Plaintiff states a cause of action for violation of California's Health and Safety Code.

Here, Plaintiff requests a total judgment of $7,319.00, which includes statutory damages of $4,000.00, and attorneys' fees and costs in the amount of $3,319.00. (Doc. 10-1.) The Court finds the amount at stake is not large and is proportional to the harm caused by Defendants' conduct, and thus this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The facts of this case are straightforward, and Plaintiff has provided the Court with well-pled allegations and moving papers in support of his claims. As the Court may assume the truth of well-pled facts in the complaint following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. Defendants' failure to file an answer in this case or a response to the instant motion further supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts have found that where defendants were "properly served with the Complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. According to the Court's docket, Plaintiff properly served Defendants with the summons and complaint. Plaintiff also served Defendants with a copy of the request for entry of default along with a copy of the motion for default judgment. (Doc. Nos. 7-2, 10-11.) Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have not appeared in this action to date. Thus, the record suggests that they have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010) ("where a defendant's failure to appear makes a decision on the merits impracticable, if not impossible, entry of default judgment is warranted"). Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendants have not responded. Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants. The Court therefore will recommend that Plaintiff's Motion for Default Judgment be granted.

## IV. Requested Relief

### A. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA requiring the removal of all architectural barriers to Plaintiff's access to the facility. Private parties, such as Plaintiff, "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski*, 481 F.3d at 730, quoting 42 U.S.C. § 12188(a)(2).

Here, Plaintiff is entitled to the removal of the architectural barriers that he encountered on the visit to the Thrift Store. Therefore, the Court will recommend that an injunction issue requiring Defendants to ensure that all routes of travel to the store entrance, all routes of travel through public areas of the store, and access to the transaction counter are compliant with applicable law.

### B. Statutory Damages

Plaintiff seeks $4,000 in statutory damages under the Unruh Act. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); *Grove v. De La*

*Cruz*, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005). As a violation of the ADA establishes a violation of the Unruh Act, the Court finds that Plaintiff is entitled to statutory damages of $4,000.

### C. Attorneys' Fees and Costs

Plaintiff requests $2,800.00 in attorney's fees for total billable time spent on the case as well as $519.00 for costs and litigation expenses. (Doc. 10-1 at p. 10.) Specifically, Plaintiff requests: (1) $280.00 for .8 hours of work expended by attorney Zachary M. Best at an hourly rate of $350.00; (2) $1,860.00 for 6.2 hours of work expended by Tanya Moore, Esq., at an hourly rate of $300; (3) $517.50 for 4.5 hours spent by paralegal Whitney Law at an hourly rate of $115; and (4) $142.50 for 1.5 hours spent by paralegal David Guthrie at an hourly rate of $95. (*Id.*)

Pursuant to 42 U.S.C. § 12205, the party that prevails on a claim brought under the ADA may recover reasonable attorney fees and cost at the discretion of the Court. "[U]nder federal fee-shifting statutes the lodestar approach is the guiding light in determining a reasonable fee." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See D'Emanuele [v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)]; *Hensley [v. Eckerhart*, 461 U.S. 424,] 433, 103 S. Ct. 1933, [76 L.Ed. 2d 40 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901, 104 S. Ct. 1541, 79 L.Ed. 2d 891 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. 1933 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L.Ed. 2d 439 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Under the lodestar method, the court first determines the appropriate hourly rate for the work performed, and then multiplies that amount by the number of hours properly expended in performing the work. *Antoninetti*, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The lodestar amount is to be determined based upon the prevailing market rate in the relevant community. *Blum*, 465 U.S. at 895.

### 1. Reasonable Hourly Rates

With regard to the hourly rate charged, Plaintiff seeks attorneys' fees computed using a $350 per hour rate for work by attorney Zachary M. Best, a $300 per hour rate for work by attorney Tanya E. Moore, a $115 per hour rate for work by paralegal Whitney Law, and a $95 per hour rate for work by paralegal David Guthrie.

The district court in this case has recently settled the matter on the appropriate local rates for Ms. Moore and her firm's paralegals. *See Trujillo v. Singh*, Case No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017). On May 8, 2017, Chief Judge Lawrence J. O'Neill acknowledged that courts in this district have previously awarded conflicting hourly rates to Ms. Moore and her firm. *Id.* at *1. In resolving the discrepancy based on a mechanism for adjusting the Laffey Matrix rates to Fresno's market, the court held that Ms. Moore's requested rate of $300 per hour, as well as $95-$115 for her firm's paralegals was reasonable and appropriate for this local community. *Id.* at *3.

Based upon Chief Judge O'Neill's findings and the analysis set forth in *Trujillo v. Singh*, the Court finds the requested hourly rates to be reasonable for Ms. Moore and her paralegals. *Accord e.g.*, *Trujillo v. La Valley Foods, Inc.*, 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); *Acosta v. Down Town Car Wash, Inc.*, 1:16-cv-01856-LJO-SKO, 2017 WL 2210245, at *7 (E.D. Cal. May 19, 2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017). Although Chief Judge O'Neill's findings in *Trujillo v. Singh* did not address the appropriate hourly rate for attorney Zachary M. Best, also an attorney in Ms. Moore's firm, at least one court in this district has found an hourly rate of $300 to be reasonable, and the Court

finds no basis to depart from that determination. *See Trujillo v. Lakhani*, 2017 WL 1831942 at \*8 (finding $300 a reasonable hourly rate for Mr. Best's time expended in a similar ADA action).

### 2. Attorney Time Expended by Mr. Best

Plaintiff seeks recovery for .8 hours of work performed by Mr. Best. Having reviewed the billing entries and time records, the Court finds certain of the time billed to be unreasonable. Mr. Best billed .1 hours on August 7, 2017, to review civil new case documents issued by the court, .1 hours on August 21, 2017, to review a summons returned executed, .1 hours on September 29, 2017, for review of the Clerk's entry of default, .1 hours on September 29, 2017, to review a court order continuing a status conference, and .1 hours on October 25, 2017, to check file for deadlines. (Doc. No. 10-5 at p. 2.) The Court finds that these entries are excessive or are clerical tasks that should not be billed at an attorney rate. *See Trujillo v. Lakhani*, 2017 WL 1831942 at \*9. Therefore, the resulting .5 hours will be reduced from the award amount. The Court finds that .3 hours is a reasonable amount of hours for the work performed by Mr. Best in this action, and will recommend that Plaintiff be reimbursed for .3 hours at $300 per hour for a total of $90 for the services of Mr. Best.

### 3. Attorney Time Expended by Ms. Moore

Plaintiff seeks recovery for 6.2 hours of work performed by Ms. Moore. When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 6.2 hours billed by Ms. Moore is unreasonable. Ms. Moore billed .3 hours on August 7, 2017, to review the summonses in this case, and .1 hour on August 24, 2017, to review the executed summons and calendar dates. Additionally, .5 hours of Ms. Moore's billing entries relate to time spent reviewing communications to and from the Court. For example, on August 7, 2017, Ms. Moore billed .1 hour to review routine case documents issued by the court, on September 30, 2017, she billed .1 hours to review a notice from the court, and on October 1, 2017, she billed .3 hours to review a communication from the court. These entries are either excessive or are clerical tasks that should not be billed at an attorney rate, and will therefore be reduced from the award amount.

Therefore, in total Ms. Moore's 6.2 hours should be reduced by .9 hours. Given these deductions, the Court will recommend awarding Ms. Moore $1,590.00 for 5.3 hours of work to litigate this case.

### 4. Paralegal Time Expended by Ms. Law and Mr. Guthrie

Plaintiff seeks compensation for 4.5 hours expended by paralegal Whitney Law at $115 per hour, and 1.5 hours expended by paralegal David Guthrie at $95 per hour. (Doc. 10-1 at p. 10.) For the reasons below, the Court must reduce the number of hours expended by Ms. Law on the Motion for Default Judgment. Between December 5, 2017 and December 8, 2017, Ms. Law billed 1.8 hours preparing the motion for default judgment and the supporting documents. (Doc. 10-7 at pp. 2.) However, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. Accordingly, the Court finds that one hour of Whitney Law's time is sufficient to prepare the motion. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453 at *7. The Court will therefore deduct .8 hours from Ms. Law's time.

A review of the billing records of Mr. Guthrie reveals that many of the tasks he provided in this action were clerical in nature. In billing for legal services, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L.Ed. 2d 229 (1989). Therefore, Mr. Guthrie's hours shall be reduced.

Specifically, on August 9 and August 10, 2017, Mr. Guthrie billed 1.0 hour to research the proper address for service and send the summons, complaint and other documents out for service; on August 16, 2017, Mr. Guthrie billed .1 hour to review a proof of service and on August 21, 2017, he billed .3 hours to review and file proofs of service via CAED ECF and calendar the date the answer was due; and on August 24, 2017, Mr. Guthrie billed a total of .1 hour to review and file a proof of service via CAED ECF and calendar the date that the answer was due. (Doc. 10-9 at p. 2.) The Court finds that, with the exception of public records research, Mr. Guthrie's billable entries generally describe clerical tasks and should not be reimbursed at a paralegal rate. The Court will allow for .3 hours of public records research, and deduct 1.2 hours from Mr. Guthrie's time.

Based on the above, the Court will recommend Plaintiff be awarded 4.0 hours of paralegal time comprised of 3.7 hours for Ms. Law ($115 hourly rate) and .3 hours for Mr. Guthrie ($95 hourly rate) for a total of $454.00.

///

5. <u>Litigation Expenses and Costs</u>

Plaintiff seeks to recover costs in the amount of $519.00 comprised of $119.00 for service of the summonses and complaint and $400 in filing fees. (Doc. 10-2 at ¶¶ 10-11; Doc. 10-3 at Exs. B-C.) In section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The costs here include expenses for the court filing fee and costs of service, which are compensable pursuant to 42 U.S.C. § 12205. Accordingly, the Court will recommend that Plaintiff be awarded the sum of $519.00 for litigation expenses and costs.

**V.     Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1.  Plaintiff's motion for default judgment be GRANTED IN PART;

2.  Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act;

3.  Defendants be ordered to make the following modifications to the facility known as Thrift Store, located at 713 North Academy Avenue in Sanger, California, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

> a.   Provide an accessible route of travel to the facility entrance with slopes not to exceed 1:12;
>
> b.  Provide an accessible portion of the transaction counter at least 36 inches long and no more than 36 inches high; and
>
> c.  Provide and maintain at least 36 inches in clear width along all routes of travel through public areas of the facility.

4.     Judgment be entered in Plaintiff's favor and against Defendants in the amount of $6,653.00, consisting of:

> a. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000;
>
> b. Plaintiff be awarded attorney's fees and costs in the amount of $2,653.00 (attorney's fees in the amount of $1,680.00 (5.6 hours at $300 per hour), paralegal fees in the

amount of $454.00 (3.7 hours at $115 per hour and .3 hours at $95 per hour), and costs of suit in the amount of $519.00);

5. Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at that defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 24, 2018**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE