# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIA DE JESUS AQUAYO; JOSE A. CHAVIRA,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01047-LJO-BAM<br><br>**ORDER CONSTRUING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS AS A MOTION TO SET ASIDE DEFAULT AND REQUIRING PLAINTIFF TO FILE A RESPONSE**<br><br>(Docs. 8, 13, 15) |

On August 4, 2017, Jose Acosta ("Plaintiff") filed a complaint seeking damages, injunctive and declaratory relief, attorney fees and costs against Defendants Maria de Jesus Aquayo and Jose A. Chavira pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*) ("ADA") and related California statutes. Doc. No. 1. The Summons and Complaint were served personally on Defendant Aquayo on August 13, 2017, and by substituted service on Defendant Chavira on the same date. Doc. Nos. 5, 6. Defendants did not answer the complaint, and the Clerk of the Court entered default against them on September 27, 2017. Doc. No. 8.

On December 11, 2017, Plaintiff filed a motion for default judgment against Defendants. Doc. No. 10. Defendants did not file a response. Thereafter, on January 24, 2018, the Court issued findings

and recommendations that Plaintiff's motion for default judgment be granted. The Court also directed Plaintiff to serve Defendants with a copy of the findings and recommendations by mail. Doc. No. 13.

On February 7, 2018, Defendant Aquayo filed objections to the findings and recommendations. Defendant Aquayo explains that the business at issue is not profitable. When she received the case and saw the amounts being charged against her, she did not know how to act or react. Defendant Aquayo further explains that she has not learned English and she had her daughter translate the papers, but was given the wrong court date. She has been to court two times on this matter, but learned that it had been continued and there would not be a hearing. She further explains that Defendant Chavira is not her husband, but is a friend that voluntarily helped her with the business. Defendant Aquayo asks for reconsideration of her case and time to fix what is needed at the store to accommodate disabled individuals. Doc. 15.

The Court construes the objections as a motion by Defendant Aquayo, appearing *pro se*, to set aside the Clerk's entry of default and to vacate the findings and recommendations, and an answer to the Complaint. Accordingly, Plaintiff will be allowed an opportunity to respond to Defendant Aquayo's filing. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Defendant Aquayo is ADVISED that although she has the right to appear on her own behalf in this action, she has no authority to appear as an attorney for Defendant Jose A. Chavira. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney proceeding pro se may bring his own claims to court, but has no authority to appear as an attorney for others).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant Aquayo's objections filed on February 7, 2018 are CONSTRUED as a Motion to Set Aside the Clerk's Entry of Default and to Vacate the Findings and Recommendations Regarding Plaintiff's Motion for Default Judgment and an answer to the Complaint;

2. Plaintiff's opposition to the Motion to Set Aside the Clerk's Entry of Default and to Vacate the Findings and Recommendations Regarding Plaintiff's Motion for Default Judgment is due on or before **March 23, 2018**; and

3. Plaintiff is ordered to serve a copy of this ORDER and his response to the Motion to Set Aside the Clerk's Entry of Default and to Vacate the Findings and Recommendations Regarding Plaintiff's Motion for Default Judgment on Defendant Maria De Jesus Aquayo and Defendant Jose Chavira at 1419 S. Highland Avenue, Sanger, California 93657.

IT IS SO ORDERED.

Dated: **March 5, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3