# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>    Plaintiff,<br><br>v.<br><br>MARIA DE JESUS AQUAYO; JOSE A. CHAVIRA,<br><br>    Defendants. | Case No.: 1:17-cv-01047-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS TO SET ASIDE DEFAULT, VACATE FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR DEFAULT JUDGMENT AND DENY MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE AS MOOT**<br><br>(Docs. 8, 10, 13, 16, 18) |

Currently pending before the Court is a motion to set aside default filed by Defendants Aquayo and Chavira. Doc. No. 15. Plaintiff has filed a statement of non-opposition. Doc. No. 18. The motion is deemed submitted. Local Rule 230(g).

**I.    Procedural Background**

On August 4, 2017, Jose Acosta ("Plaintiff") filed a complaint seeking damages, injunctive and declaratory relief, attorney fees and costs against Defendants Maria de Jesus Aquayo and Jose A. Chavira pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*) ("ADA") and related California statutes. Doc. No. 1. The Summons and Complaint were served personally on Defendant Aquayo on August 13, 2017, and by substituted service on Defendant

1

Chavira on the same date. Doc. Nos. 5, 6. Defendants did not answer the complaint, and the Clerk of the Court entered default against them on September 27, 2017. Doc. No. 8.

On December 11, 2017, Plaintiff filed a motion for default judgment against Defendants. Doc. No. 10. Defendants did not file a response. Thereafter, on January 24, 2018, the Court issued findings and recommendations that Plaintiff's motion for default judgment be granted. The Court also directed Plaintiff to serve Defendants with a copy of the findings and recommendations by mail. Doc. No. 13.

On February 7, 2018, Defendant Aquayo filed objections to the findings and recommendations. Doc. No. 15. The Court construed the objections as a motion by Defendant Aquayo, appearing *pro se*, to set aside the Clerk's entry of default and to vacate the findings and recommendations, and an answer to the Complaint. The Court further directed Plaintiff to file a response to the motion to set aside the Clerk's entry of default and to vacate the findings and recommendations regarding Plaintiff's Motion for Default Judgment on or before March 23, 2018. Doc. No. 16. On March 19, 2018, Plaintiff filed a statement indicating that he did not oppose the Court's treatment of Defendants' objections to findings and recommendations and that he did not object to setting aside the default. However, Plaintiff requested that Defendants file a response to the complaint within fourteen (14) days after having the default set aside. Doc. No. 18.

**II.     Motion to Set Aside Default**

     **A. Legal Standard**

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). The standard for good cause, "which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

Conversely, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

**B. Discussion**

**1. Culpable Conduct**

With respect to the first good cause factor, the Court concludes that Defendants have shown that they did not engage in culpable conduct. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147–50 (2001) (emphasis in original). The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. Id. "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'... and is therefore not *necessarily*—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." Id. at 697-98 (emphasis in original).

Defendant Aquayo explains that she has a limited education and has not learned English. She relied on her daughter to translate court papers, which resulted in the wrong court date. Defendant Aquayo further explains that she never intended to miss out. She just did not understand and only recently found a lawyer who was willing to aid her in writing to the court. Defendant Aquayo further explains that Defendant Chavira has voluntarily helped at the thrift store and also is disabled. They have been to the court two times, but learned that the matter was going to be continued. Doc. No. 15 at p. 2. Based on this information, there is no indication that Defendants engaged in any conduct that was willful, deliberate or in bad faith. Consequently, the Court finds Defendants' conduct does not meet the culpability standard.

3

## 2. Meritorious Defense

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy.'" Mesle, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." Id. The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Mesle, 615 F.3d at 1094 (quoting TCI Group, 244 F.3d at 700).

Defendant Aquayo explains that she initially had the property inspected to ensure that it was safe for customers and asks for additional time to fix the store to accommodate the handicapped. Doc. 15 at p. 2. If repairs are completed or otherwise compliant, then the claims at issue will be moot. Thus, Defendants have presented a legally cognizable defense, and have satisfied their burden to show that they could mount a meritorious defense under the lenient standard set forth in Mesle.

## 3. Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. TCI Group, 244 F.3d at 696. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" Id. at 701 (quoting Falk, 739 F.2d at 463). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Id. There is no indication that Plaintiff will be prejudiced if the default is set aside. Indeed, Plaintiff does not object to the set aside.

The Court finds that the above factors weigh in favor of setting of setting aside the Clerk's entry of default as to both defendants.[1] There is a general presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption. See In re Hammer, 940 F.2d 524,

---

[1] The Court recognizes that Defendant Aquayo, proceeding pro se, may not represent Defendant Jose A. Chavira in this matter. Nonetheless, the Court has considered Defendant Aquayo's objections as a motion to set aside default on behalf of both defendants in this action. For all future purposes, however, Defendant Aquayo is again ADVISED that although she has the right to appear on her own behalf in this action, she has no authority to appear as an attorney for Defendant Jose A. Chavira. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney proceeding pro se may bring his own claims to court, but has no authority to appear as an attorney for others).

525 (9th Cir. 1991). Accordingly, the Court will recommend that the motion to set aside entry of default be granted.

### III. Plaintiff's Motion for Default Judgment

In a separate motion, Plaintiff moved for entry of default judgment against Defendants, and the Court issued findings and recommendations to grant that motion. Doc. Nos. 10, 13. However, the "entry of default by the clerk is a prerequisite to an entry of default judgment." Vongrabe v. Sprint PCS, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004). Based on the recommendation to set aside the entry of default, it is further recommended that Plaintiff's motion for default judgment be denied without prejudice as moot, and the findings and recommendations to grant the motion for default judgment be vacated. Doc. Nos. 10, 13.

### IV. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Defendants' motion to set aside the entry of default (Doc. No. 15) be granted;
2. The Clerk be directed to set aside default as to Defendants Maria De Jesus Aquayo and Jose A. Chavira (Doc. No. 8);
3. The findings and recommendations regarding Plaintiff's motion for default judgment issued on January 24, 2018, be vacated (Doc. No. 13);
4. Plaintiff's motion for default judgment filed on December 11, 2017, be denied without prejudice as moot (Doc. No. 10); and
5. Defendants Aquayo and Chavira be directed to file a response to the complaint within fourteen (14) days following adoption of these Findings and Recommendations.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 30, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE